IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00912-RM-STV

THE RECEIVERSHIP ESTATE OF BLUE ISLE
MARKETS INC. AND BLUE ISLE MARKETS
LTD., derivatively through its creditors,

        Plaintiff,

v.

EQUITI CAPITAL UK LIMITED and EQUITI
ARMENIA, CJSC,

        Defendants.

---

**SPECIALLY APPEARING DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
TO FILE SURREPLY [DKT. 61] IN OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS FOR *FORUM NON CONVENIENS* [DKT. 38]**

---

Plaintiffs' unwarranted and untimely Motion to File Surreply, *see* Dkt. 61, improperly demands that Plaintiffs have the last word on Defendants' motion for dismiss for *forum non conveniens*. *See* Dkt. 38. But "[s]ur-replies are not contemplated by this district's local rules and are generally disfavored." *Maccagnan v. Cherry Creek Sch. Dist. No. 5*, 2023 WL 6127904, at *1 (D. Colo. Sept. 18, 2023) (citing D.C.Colo.LCivR 7.1(d)). The default rule against surreplies applies with special force here. First, Plaintiffs' request relies on a false premise—that the reply brief introduced a new argument. Second, the proposed surreply itself makes new arguments and would necessitate additional briefing from Defendants. And third, Plaintiffs waited well past the deadline for filing such a brief. The Court should deny Plaintiffs' request.

*First*, a surreply is not warranted because Defendants "did not raise any new legal argument

in [their] reply brief." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). Defendants'
*forum non conveniens* motion argued: "The transfers from which Plaintiffs seek relief were
undoubtedly 'connected' to the agreements that governed the transfers, so the choice-of-law
clauses would require that English and Armenian law apply to Plaintiffs' claims on behalf of the
Receiver." Dkt. 38 at 14. Defendants attached the agreements to the *forum non conveniens* motion.
*See* Dkts. 38-2, 38-3. In response, Plaintiffs disputed that the contracts covered fraudulent transfer
claims. Dkt. 47 at 10–14, 19. To rebut Plaintiffs' response, Defendants' Reply further explained
how the agreements cover fraudulent transfer claims and pointed to specific provisions, including
the indemnification clauses. Dkt. 56 at 9–12, 14–15. Contrary to Plaintiffs' assertion, Defendants
did not state that they "intend to assert a counterclaim against" Plaintiffs. Dkt. 61 at 2. For the
reasons stated in the pending Motions to Dismiss, including lack of personal jurisdiction and *forum
non-conveniens*, Defendants do not believe litigation should proceed in this Court at all.
Defendants merely noted that the indemnification provisions—along with numerous other
contractual provisions—will have to be interpreted to determine Defendants' liability. Thus, the
English and Armenian choice-of-law clauses apply, necessitating *forum non conveniens* dismissal.
*See* Dkt. 56 at 9-12. This is standard reply briefing. The reply rebuts the response's arguments on
the choice-of-law issue that was originally raised in the motion itself. *See Well Master Corp. v.
Flowco Prod. Sols., LLC*, 2023 WL 6808140, at *1 (D. Colo. Oct. 16, 2023) ("Courts in this district
generally disfavor sur-replies and, consequently, permit them only in exceptional circumstances—
*e.g.*, when a reply brief raises new legal issues or relies on new facts."); *Rashaw-Bey v. Carrizales*,
2010 WL 3613953, at *1 (D. Kan. Sept. 3, 2010) ("[D]efendants did not rely on new materials or
new arguments in their reply. The reply responded to arguments advanced by plaintiff in the

response."). Per the normal briefing process, each side has had the opportunity to state its position on this issue. To the extent that Plaintiffs wish to specifically address the effect of the indemnification provisions, they can do so during oral argument. *See* Dkt. 38 at 2 n.2 (requesting oral argument on the *forum non conveniens* motion). Plaintiffs' attempt to disrupt that usual process is just an attempt to get the last word.

*Second*, if granted, Plaintiffs' request would create an unremitting cycle of briefing on Defendants' *forum non conveniens* motion. While Defendants' reply did not introduce any new arguments, Plaintiffs' proposed surreply goes far beyond the substance of their initial response. In the proposed brief, Plaintiffs argue, *for the first time*, that Defendants have "waived [application of] the forum selection clauses" and that Defendants' alleged "delay in raising the forum selection clauses prejudiced" Plaintiffs. Dkt. 61-1 at 4, 6 (emphases omitted). Those arguments appeared nowhere in Plaintiffs' response to the motion, a motion that relied on the forum-selection clauses for *forum non conveniens* dismissal. Plaintiffs cannot use an unauthorized and untimely surreply to introduce arguments that they failed to make in their response—arguments that they have waived. *See Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. 2003) ("[B]y failing to raise the issue in his initial response to the [defendants'] motion to dismiss, Mr. Cole has waived the argument . . . ."); *SEC v. Hartman Wright Grp., LLC*, 2021 WL 960543, at *6 (D. Colo. Mar. 15, 2021) ("[T]he Court finds that Mr. Harkins waived this argument. This argument is nowhere to be found in Mr. Harkins's response to the SEC's motion."). If the Court permits Plaintiffs to file their surreply, Defendants will need to file a sur-surreply to respond to Plaintiffs' new arguments. Because Plaintiffs' "proposed surreply . . . goes far beyond . . . th[e] subject" of the three briefs already submitted, the Court should deny Plaintiffs' motion to head off "what could become a

never-ending round of briefing." *King.com Ltd. v. 6 Waves LLC*, 2014 WL 1340574, at *1 n.2 (N.D. Cal. Mar. 31, 2014) (quotation marks omitted).

*Third*, Plaintiffs' request for extra briefing comes too late. Under this Court's Practice Standard IV.E.1, the default "time limit for filing . . . a reply brief is 14 days." *See also* D.C.Colo.LCivR 7.1(d). Defendants filed their reply on November 26, but Plaintiffs did not move to file their proposed surreply until December 19, *23 days later* (and did not even begin the conferral process until December 17, 21 days later). Plaintiffs had ample time to analyze Defendants' reply to determine whether a surreply was necessary and never even requested an extension of time to file their request. Indeed, the delay in seeking to file a surreply undermines their claim that additional briefing is necessary; if the reply truly advanced a new argument, why not immediately seek leave to file a surreply? "Deadlines exist for a reason." *Austin v. Brown*, 2023 WL 4659789, at *4 (D. Colo. July 20, 2023) (quotation marks omitted). The Court should not permit Plaintiffs to skirt the default time for filing a surreply.

For these reasons, the Court should deny Plaintiffs' motion to file a surreply.

Respectfully submitted,

Dated: January 2, 2025

GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Monica K. Loseman*

Gregg J. Costa
811 Main Street, Suite 3000
Houston, TX 77002-6117
Telephone:    346.718.6600
Facsimile:     346.718.6620
E-mail:         gcosta@gibsondunn.com

Monica K. Loseman
M. Scott Campbell
Daniel R. Magalotti
1801 California Street, Suite 4200
Denver, CO 80202-2642
Telephone:    303.298.5700
Facsimile:     303.298.5907
E-mail:         mloseman@gibsondunn.com
                   scampbell@gibsondunn.com
                   dmagalotti@gibsondunn.com

*Attorneys for Specially Appearing Defendants*

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

> david.porteous@faegredrinker.com
> isaac.smith@faegredrinker.com
> james.volling@faegredrinker.com
> kyle.hosmer@faegredrinker.com
> michael.macphail@faegredrinker.com

*Attorneys for Plaintiff The Receivership Estate of Blue Isle Markets Inc. and Blue Isle Markets Ltd., derivatively through its creditors*

*/s/ Monica K. Loseman*

| | |
|---|---|
| Gregg J. Costa | Monica K. Loseman |
| 811 Main Street, Suite 3000 | M. Scott Campbell |
| Houston, TX 77002-6117 | Daniel R. Magalotti |
| Telephone:    346.718.6600 | 1801 California Street, Suite 4200 |
| Facsimile:    346.718.6620 | Denver, CO 80202-2642 |
| E-mail:    gcosta@gibsondunn.com | Telephone:    303.298.5700 |
| | Facsimile:    303.298.5907 |
| | E-mail:    mloseman@gibsondunn.com |
| | scampbell@gibsondunn.com |
| | dmagalotti@gibsondunn.com |

*Attorneys for Specially Appearing Defendants*